UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOHNNY LEE THOMPSON #89353**                               **CIVIL ACTION**

**VERSUS**                                                         **NO. 19-0766**

**JEFF LANDRY, ET AL.**                                     **SECTION: "F"(1)**

**REPORT AND RECOMMENDATION**

Johnny Lee Thompson, a state prisoner, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. He named the following defendants: Louisiana Attorney General Jeff Landry; Louisiana Governor John Bel Edwards; the Louisiana Legislature; and the Orleans Parish Criminal District Court. In this lawsuit, plaintiff claims that the "defendants knew that 10-2 verdict is unconstitutional in its designed to stop unanimous decisions in denying petitioner of his due process and equal protection of the law."[1]

**I. Standards of Review**

Plaintiff filed this federal civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[1] Rec. Doc. 6, p. 5.

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that the complaint be dismissed for the following reasons.

## II. Plaintiff's Claims

In this lawsuit, plaintiff appears to allege that his state criminal convictions were unconstitutional because he was found guilty by a non-unanimous verdict, and he seeks to hold the defendants liable for that purported constitutional violation in this federal civil rights action.

For context, the undersigned notes that this Court's records reflect that plaintiff previously challenged his state criminal judgment by filing a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.[3] In his report concerning that habeas petition, former United States Magistrate Judge Louis Moore, Jr., noted that plaintiff had been convicted in Louisiana state court of aggravated rape, armed robbery, second degree kidnaping, and aggravated crime against nature. In his habeas petition, plaintiff claimed that there was insufficient evidence to support his conviction for aggravated rape. Magistrate Judge Moore recommended that the petition be

---

[2] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[3] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

3

dismissed on the merits. United States District Judge Ivan L.R. Lemelle adopted that recommendation and dismissed the application with prejudice. Thompson v. Cain, Civ. Action No. 01-3481 (E.D. La. Apr. 30, 2002). The United States Fifth Circuit Court of Appeals then denied plaintiff a certificate of appealability. Thompson v. Cain, No. 02-30515 (5th Cir. Nov. 5, 2002).

Plaintiff now seeks to undermine the validity of his state criminal judgment by another means: filing this federal civil rights complaint. That tactic is clearly prohibited by Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted). Heck has since been extended also to bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 F. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 F. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 F. App'x 499, 500 (5th Cir. 2004). Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, 91 F. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 F. App'x 755 (5th Cir. 2003).

Obviously, a judgment in plaintiff's favor on his § 1983 claim that his conviction by a non-unanimous jury was unconstitutional would necessarily imply the invalidity of that state court conviction. Accordingly, plaintiff's § 1983 claim should be dismissed with prejudice until such time as the Heck conditions are met.[4]

Out of an abundance of caution, the Court notes that claims such as the one alleged herein could be asserted in a federal habeas corpus petition seeking relief pursuant to 28 U.S.C. § 2254. However, it would be futile to construe the instant complaint in part as a § 2254 petition because this Court lacks jurisdiction to consider such a petition. As noted, plaintiff previously filed a § 2254 petition which was dismissed with prejudice on the merits. Accordingly, this Court has no jurisdiction to consider a second or successive habeas petition challenging that same state criminal judgment until such time as plaintiff has sought and obtained authorization for such a filing from the United States Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b).

Further, the Court notes in passing that the United States Constitution does not prohibit state court convictions based on non-unanimous verdicts. In Apodaca v. Oregon, 406 U.S. 404 (1972), and Johnson v. Louisiana, 406 U.S. 356 (1972), the Supreme Court upheld the constitutionality of state laws, including that of Louisiana, which permitted criminal defendants to be convicted by less than unanimous votes of the jury. The Supreme Court has made clear that, "although the Sixth Amendment right to trial by jury requires a unanimous verdict in federal criminal trials, it does not require a unanimous verdict in state criminal trials." McDonald v. City of Chicago, 561 U.S. 742, 765 n.14 (2010); Hoover v. Johnson, 193 F.3d 366, 369 (5th Cir. 1999)

---

[4] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

("[W]e cannot find, as petitioner would like, that the state court violated any federal right to a unanimous verdict in state court, because the Supreme Court has not held that the Constitution imposes a jury unanimity requirement." (quotation marks omitted)).

Lastly, the Court notes that plaintiff alleged in his original deficient complaint that he was denied a copy of the "jury polling sheet" from his state criminal trial.[5] He did not reiterate that claim in his subsequent complaint. Nevertheless, even if he still intended to pursue such a claim, the Court notes that such public records disputes do not implicate federal constitutional or statutory rights cognizable under 42 U.S.C. § 1983. See Williams v. Kreider, Civil Action No. 91-4180, 1992 WL 245914 (E.D. La. Sept. 24, 1992), aff'd, 996 F.2d 306 (5th Cir. 1993); see also Lewis v. Harrison, Civ. Action No. 19-0014, 2019 WL 943661, at *3 (E.D. La. Feb. 7, 2019), adopted, 2019 WL 937849 (E.D. La. Feb. 26, 2019); Lewis v. Jackson, Civ. Action No. 14-0468, 2016 WL 1103904, at *4 (M.D. La. Mar. 1, 2016), adopted, 2016 WL 1092648 (M.D. La. Mar. 21, 2016); Johnson v. Morrell, Civ. Action No. 09-3753, 2009 WL 2599286, at *2 (E.D. La. Aug. 17, 2009).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claim concerning his conviction by a non-unanimous jury be dismissed with prejudice until such time as the Heck conditions are met.

It is **FURTHER RECOMMENDED** that plaintiff's claim concerning his access to public records be dismissed with prejudice as frivolous and/or for failing to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

---

[5] Rec. Doc. 1.

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-ninth day of March, 2019.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**